IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **LIGE STEWARDSON,**<br><br>    Plaintiff,<br>v.<br><br>**TEXAS A&M UNIVERSITY-KINGSVILLE,**<br><br>    Defendant. | C.A. No. 2:12-cv-0261<br><br>**Jury Trial Demanded** |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**LIGE STEWARDSON**, Plaintiff, complains of **TEXAS A&M UNIVERSITY-KINGSVILLE,** (hereinafter referred to as "Texas A&M") Defendant, and for cause of action against it, would show the Court as follows:

1. INTRODUCTION

1.1. Coach Lige Stewardson ("Coach Stewardson") demands a JURY TRIAL in this case as to any and all issues triable to a jury.

1.2. Coach Stewardson, the former Assistant Track/Field/Cross-Country Coach for the Men's and Women's Track Program at Texas A&M, brings this action against Texas A&M for gender discrimination and retaliating against her after she complained about gender discrimination and advocating for gender equity in Texas A&M's Athletic Department. Coach Stewardson brings this case against Texas A&M under Chapter 21 of the Texas Labor Code, Section 21.001.

1.3. In addition, Coach Stewardson brings this case against Texas A&M under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX") and the implementing regulations promulgated under Title IX.

1.4. This action seeks equitable relief, back pay and front pay, compensatory damages, attorneys' fees, expert witness fees, taxable court costs, pre-judgment and post-judgment interest.

2. PARTIES

2.1. Coach Stewardson is a resident of Bagwell, Red River County, Texas. At all pertinent times, she was a resident of Kingsville, Kleberg County, Texas.

2.2. Texas A&M is a public institution of higher education located in Kingsville, Texas, and is the recipient of federal funding. Texas A&M may be served with citation by serving its President, Dr. Steven H. Tallant, MSC 101, 700 University Boulevard, Kingsville, Texas 78763-8202.

3. VENUE

3.1. Venue is appropriate in the United States District Court for the Southern District of Texas, in that the Defendant has significant contacts within this district, the Plaintiff resided within this district at the time of the pertinent events, and the events that gave rise to this cause of action occurred in this district.

4. JURISDICTION

4.1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

4.2. The unlawful employment practices were committed within the jurisdiction of this Court.

4.3. The amount in controversy is within the jurisdictional limits of this Court.

## 5. PROCEDURAL REQUISITES

5.1.    All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Texas Workforce Commission – Civil Rights Division ("TWC-CRD") on April 27, 2012.

5.2.    Plaintiff's Notice of Right to File a Civil Action was issued by the TWC-CRD on August 8, 2012.

5.3.    The filing of this lawsuit has been accomplished within sixty (60) days of Plaintiff's receipt of the notice from the TWC-CRD.

## 6. FACTS

6.1.    On September 1, 2010, Coach Stewardson began her full-time position as the Assistant Track/Field/Cross-Country coach with Texas A&M.

6.2.    Coach Stewardson was hired as part of a NCAA initiative to increase the number of women and minorities in coaching. Under this arrangement, a grant of $16,000 was paid each year by the NCAA to Coach Stewardson, while Texas A&M paid the remaining portion of her salary.

6.3.    On February 21, 2012, Coach Stewardson emailed Dr. John Burnett, the Director of Compliance, and David Scott Gines, the Vice-President for Institutional Advancement.[1] In the email, Coach Stewardson reported an incident that occurred on February 20, 2012, between Assistant Coach Harold Nair and a female runner, Ashley Nunez. During the incident, Mr. Nair called Ms. Nunez a "bitch" and "worthless." In the email, Coach Stewardson also reported violations of Title VII[2] and Title IX.

---

[1] The email was forwarded to Kenneth Oliver, the Athletic Director on February 22, 2012.
[2] For purposes of Plaintiff's Complaint, Plaintiff made complaints that are covered under Title VII and Chapter 21 of

      Specifically, Coach Stewardson wrote:

      "As a graduate of Harvard University, and holder of master's degree in human development and psychology, I am also aware that it is this type of derogatory and offensive behavior toward women that keeps our women's track and field and cross country program from improving at the same rate as the men's program. **I am disappointed in the lack of respect that is shown to our female athletes and coaches compared to our male athletes and coaches. By reporting this incident I am also hoping to improve the women's program."** (emphasis added).

6.4.    As a result of Coach Stewardson's complaints, Mr. Nair was allegedly suspended from all coaching responsibilities for approximately three weeks. However, despite being suspended, Mr. Nair was still in communications with the other coaches and staff during this time, and he continued to show up at campus and continued to fulfill his coaching responsibilities at the direction of Ryan Dall, the Head Coach. Moreover, Mr. Nair continued to host recruits on visits with Texas A&M student athletes present.

6.5.    Following Coach Stewardson's complaints, she was retaliated against. For example, on February 22, 2012, Mr. Oliver emailed her to meet with him to discuss the complaint. In the meeting, Mr. Oliver spoke down to Coach Stewardson and yelled at her, and told her that she failed to go through the "chain of command." Then, on February 23, 2012, Coach Stewardson was asked to meet with Coach Dall and Amanda Knight, the Assistant Athletic Director for Academic Outreach and Senior Women Administrator. In the meeting, Coach Stewardson was told that she could no longer hold practice in the evenings.[3] Coach Stewardson was also reprimanded for not following "van protocol."

---

the Texas Labor Code and Title IX. For factual purposes, Plaintiff generally mentioned Title VII and Title IX.
[3] Coach Stewardson held practice in the evenings because of the cooler temperature and the health and safety of her students. This had never been an issue before Coach Stewardson complained of discrimination.

6.6.  As a result of the retaliatory actions, on February 24, 2012, Coach Stewardson emailed Mr. Oliver and carbon copied Mr. Burnett and Mr. Gines. In the email, she complained about the above items and about being retaliated against. In addition, she provided a copy of the Handbook System Policy, Rule 4.2, which states that an employee is not required to report sexual harassment, including discrimination and retaliation, to a direct supervisor. Later that day, Mr. Oliver and Coach Dall met with Coach Stewardson and reprimanded her for allegedly not picking up enough trash and for missing a meeting. After the meeting, Coach Dall followed Coach Stewardson out to her practice, and when she asked why she was being disciplined, he told her that she should not report "stuff."[4]

6.7.  On February 28, 2012, Dr. Burnett sent out a memo entitled "Notification of discrimination complaint by Ms. Lige Stewardson" to Mr. Oliver, Mr. Dall, and Mr. Gines. This memo stated as follows: "This memo serves as notice, pursuant to A&M-Kingsville Procedure 08.01.01, that Ms. Lige Stewardson, Assistant Track and Field/Cross Country Coach, alleges that that she has been subjected to a hostile environment at work and retaliation due to reporting discrimination. She stated she felt that female athletes were treated differently due to their gender (female). The Compliance Office will investigate these allegations."

6.8.  On March 2, 2012, Coach Stewardson met with Dr. Burnett and complained of gender discrimination.

6.9.  On March 13, 2012, Coach Stewardson sent another email to Dr. Burnett complaining about continued discrimination and retaliation. In the email, Coach Stewardson complained about Title IX and Title VII violations.

---

[4] Andre Fuqua, a witness, wrote an email which states that he heard Coach Dall tell Coach Stewardson that she "shouldn't be making reports."

6.10. On March 21, 2012, as further acts of retaliation, Coach Stewardson received a negative Performance Review.[5] In the Performance Review, every category except one is listed at "below expectations" or "far below expectations." In addition, in the 2011 Performance Review, the Training and Resource Management categories apparently did not pertain to Coach Stewardson, and were noted accordingly. However, in the 2012 evaluation, Coach Stewardson received "below expectations" in the Training and Resource Management categories.

6.11. Thereafter, between April 2nd and 4th, and also on April 14th, Coach Stewardson sent a series of emails to Coach Dall and Dr. Burnett complaining about retaliation and unfair treatment due to gender. In addition, Coach Stewardson met with Dr. Burnett on April 16, 2012, to discuss her complaints of discrimination and retaliation.

6.12. On April 25, 2012, Coach Stewardson was accused of raising her voice at Coach Dall and slamming the door in his office. On April 26, 2012, Coach Dall suspended Coach Stewardson. She denied both of these allegations. Moreover, the suspension violated System Policy 32.02.02 3.3, as all notifications regarding disciplinary actions are to be made in writing, and the employee is to be informed in the written notification of the appeal procedure in section 7. The April 26, 2012 letter did not inform Coach Stewardson of any appeal procedure.

6.13. On April 27, 2012, Coach Stewardson filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission – Civil Rights Division.

---

[5] The evaluation period was March 19, 2011 through March 10, 2012.

6.14. On May 1, 2012, Coach Stewardson filled out a complaint form and submitted it to Texas A&M complaining of gender discrimination and retaliation under Title VII.

6.15. On May 7, 2012, Coach Stewardson emailed Leonides Bazar, Executive Director, and stated that she was uncomfortable with Mr. Oliver conducting the higher review of her Performance Review because he was the subject of an earlier complaint.[6]

6.16. On May 10, 2012, Coach Stewardson received a letter from Mr. Oliver stating that her suspension had been lifted, that she was being issued a Letter of Reprimand, and that she was to report to work on May 14, 2012.  In response, Coach Stewardson emailed Dr. Burnett and again alleged that she was being retaliated against and treated differently than similarly situated male employees.

6.17. On May 14, 2012, Coach Stewardson filed a complaint with Human Resources alleging Title VII violations, and she hand delivered a copy of the complaint to Dr. Burnett.  That same day, Coach Stewardson received a letter from Mr. Oliver.  In the letter, Mr. Oliver stated that he reviewed the Performance Appraisal conducted by Coach Dall, and that the Performance Appraisal would stand as written.  Along with the letter, Mr. Oliver included the Performance Review.  However, the dates of the Performance Review were changed from March 19, 2011 – March 10, 2012 to January 2011- December 2011.

6.18. On May 15, 2012, Coach Stewardson was terminated by Mr. Oliver.  Mr. Bazar and Debbie Wilson, an Assistant Human Resources Director, were also present during the termination meeting.  Thereafter, on May 31, 2012, Coach Stewardson was sent a letter by Dr. Burnett wherein he concluded that there was no finding of gender discrimination, sexual harassment, retaliation, or a hostile work environment.

---

[6] This email was forwarded to Dr. Burnett.

6.19.   Accordingly, Coach Stewardson was the victim of gender discrimination and retaliation in violation of Chapter 21 and Title IX.

### 7. FIRST CAUSE OF ACTION: CHAPTER 21 OF THE TEXAS LABOR CODE

7.1.   Coach Stewardson incorporates by reference and re-alleges each of the allegations contained in paragraphs 6.01-6.19 of this Complaint.

7.2.   Texas A&M, acting by and through its agents and employees, has intentionally engaged in gender discrimination and retaliation made unlawful by Chapter 21.

7.3.   As a direct and proximate result of Texas A&M's unlawful gender discrimination and retaliation, Coach Stewardson suffered and continues to suffer lost earnings and benefits, emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

### 8. SECOND CAUSE OF ACTION: RETALIATION IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681, *et. seq.,* AND 34 C.F.R §100.7

8.1.   Coach Stewardson incorporates by reference and re-alleges each of the allegations contained in paragraphs 6.01-6.19 of this Complaint.

8.2.   Texas A&M, acting by and through its agents and employees, has intentionally engaged in retaliation made unlawful by Title IX.

8.3.   As a direct and proximate result of Texas A&M's unlawful retaliation, Coach Stewardson suffered and continues to suffer lost earnings and benefits, emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

### 9. DAMAGES

9.1.   As a direct and proximate result of the aforementioned arbitrary and capricious acts, Coach Stewardson has suffered economic loss, compensatory loss, and mental anguish.

## 10. ATTORNEY'S FEES

10.1. Texas A&M's actions and conduct as described herein and the resulting damage and loss to Coach Stewardson has necessitated her retaining the services of SHELLIST LAZARZ SLOBIN, LLP, 11 Greenway Plaza, Suite 1515, Houston, Texas 77046, in initiating this proceeding. Coach Stewardson seeks recovery of reasonable and necessary attorneys' fees.

## 11. JURY DEMAND

11.1. Coach Stewardson hereby makes her request for a jury trial.

## 12. PRAYER

12.1. WHEREFORE, PREMISES CONSIDERED, Coach Stewardson respectfully prays that Texas A&M be cited to appear and answer, and that on final hearing of this cause, Coach Stewardson has the following relief:

- 12.1.1. Judgment against Texas A&M for actual damages sustained by Coach Stewardson as alleged herein;
- 12.1.2. Pre-judgment interest at the highest legal rate;
- 12.1.3. Post-judgment interest at the highest legal rate until paid;
- 12.1.4. Back pay;
- 12.1.5. Front pay;
- 12.1.6. Compensatory damages;
- 12.1.7. Damages for mental pain and mental anguish;
- 12.1.8. Declare that Texas A&M's conduct is in violation of Chapter 21 and Title IX;
- 12.1.9. Attorney's fees;

12.1.10. All costs of court expended herein; and

12.1.11. Such other and further relief, at law or in equity, general or special to which Coach Stewardson may show she is justly entitled.

        Respectfully submitted,

___/s/_____
TODD SLOBIN
STATE BAR #24002953
MARTIN SHELLIST
STATE BAR #00786487
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFF

of Counsel:
SHELLIST LAZARZ SLOBIN, LLP